IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROLANDO N. GALLEGO,

    Petitioner,                      No. 2:11-cv-2402 MCE EFB P

    vs.

MIKE McDONALD,

    Respondent.                  <u>ORDER</u>

                              /

Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Presently before the court is petitioner's motion to stay the proceeding and motion to amend the petition. For the reasons explained below, the motions will be denied.

**I.    Background**

Petitioner proceeds on his September 12, 2011 petition, wherein he asserts the following grounds for relief: (1) his Fourth Amendment right was violated by the warrantless collection and testing of a sample of DNA evidence; (2) the trial court erred in denying his request for the release of confidential juror information and in ordering the jury to continue deliberating after it announced for a second time that it was deadlocked; (3) the trial court erred in giving conflicting jury instructions; (4) the trial court erred in making three evidentiary rulings; and (5) the trial

court erred in calculating his conduct credits and by imposing a parole revocation fee. Dckt. No. 1.

On December 5, 2011, respondent filed an answer to the petition. Dckt. No. 11. In the answer, respondent addressed the merits of each of petitioner's claims and also argued that petitioner failed to exhaust three of his five claims. In response to the answer, petitioner requested this action be stayed to allow him to return to state court to exhaust his unexhausted claims. Dckt. No. 13 at 1-2.[1] On July 18, 2012, petitioner filed a motion to amend his petition along with a first amended petition for writ of habeas corpus. Dckt. Nos. 15, 16. Respondent filed a statement of non-opposition to petitioner's motion to amend. Dckt. No. 17.

## II.     Motion to Stay

On December 27, 2011, petitioner requested that this court stay the proceeding and hold the petition in abeyance to allow him to return to state court to exhaust three unexhausted claims. Dckt. No. 13. In his subsequent motion to amend, petitioner requested permission to amend his petition to add "newly exhausted claims."[2] Dckt. No. 15 at 1. Petitioner also submitted an order from the California Supreme Court, issued June 13, 2012, denying a habeas petition in case S201157. Dckt. No. 16 at 8. Respondent concedes that the habeas petition filed in the California Supreme Court contained the three previously unexhausted claims and that all claims in the original petitioner are now exhausted. Dckt. No. 17 at 2. As it appears that petitioner has exhausted all of his claims, the motion to stay will be denied as moot.

## III.    Motion to Amend

Petitioner seeks this court's permission to file an amended petition containing the three previously unexhausted claims. Rule 15(a)(1) provides that "[a] party may amend its pleading

---

[1] The page numbers cited herein refer to those assigned by the court's electronic docketing system and not those assigned by the parties.

[2] Petitioner also requested this court "lift the stay and abeyance." Dckt. No. 15. This court, however, has not issued a stay in this action.

court erred in calculating his conduct credits and by imposing a parole revocation fee. Dckt. No. 1.

On December 5, 2011, respondent filed an answer to the petition. Dckt. No. 11. In the answer, respondent addressed the merits of each of petitioner's claims and also argued that petitioner failed to exhaust three of his five claims. In response to the answer, petitioner requested this action be stayed to allow him to return to state court to exhaust his unexhausted claims. Dckt. No. 13 at 1-2.[1] On July 18, 2012, petitioner filed a motion to amend his petition along with a first amended petition for writ of habeas corpus. Dckt. Nos. 15, 16. Respondent filed a statement of non-opposition to petitioner's motion to amend. Dckt. No. 17.

## II.     Motion to Stay

On December 27, 2011, petitioner requested that this court stay the proceeding and hold the petition in abeyance to allow him to return to state court to exhaust three unexhausted claims. Dckt. No. 13. In his subsequent motion to amend, petitioner requested permission to amend his petition to add "newly exhausted claims."[2] Dckt. No. 15 at 1. Petitioner also submitted an order from the California Supreme Court, issued June 13, 2012, denying a habeas petition in case S201157. Dckt. No. 16 at 8. Respondent concedes that the habeas petition filed in the California Supreme Court contained the three previously unexhausted claims and that all claims in the original petitioner are now exhausted. Dckt. No. 17 at 2. As it appears that petitioner has exhausted all of his claims, the motion to stay will be denied as moot.

## III.    Motion to Amend

Petitioner seeks this court's permission to file an amended petition containing the three previously unexhausted claims. Rule 15(a)(1) provides that "[a] party may amend its pleading

---

[1] The page numbers cited herein refer to those assigned by the court's electronic docketing system and not those assigned by the parties.

[2] Petitioner also requested this court "lift the stay and abeyance." Dckt. No. 15. This court, however, has not issued a stay in this action.

once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Because petitioner did not amend his petition within 21 days after respondent filing an answer, his opportunity to amend "as a matter of course" had expired by the time he filed the amended petition. Nonetheless, Rule 15(a)(2) provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  When determining whether to grant leave to amend under Rule 15(a), a court should consider the following factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Although this court should freely give leave to amend, the undersigned declines to do so in this case because petitioner's first amended petition is not complete in itself without reference to the original petition. To amend a petition, a petitioner must write or type the amended petition so that it is complete in itself without reference to any earlier filed petitions. E.D. Cal. Local Rule 220. This is because an amended petition supersedes any earlier filed petition, and once an amended petition is filed, the earlier filed petition no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Although petitioner's allegations are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), petitioner is required to comply with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California. *See McNeil v. United States*, 508 U.S. 106, 113  (1993) (procedural requirements apply to all litigants, including prisoners lacking access to counsel); E.D. Cal. Local Rule 183(a) ("Any individual representing himself or herself without an attorney

is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.").

The petition filed on July 18, 2012 only contains the three recently exhausted claims. It does not contain the two other claims asserted in the original petition, and there is no indication that petitioner no longer wishes to pursue these claims. Because the amended petition does not contain all the claims petitioner seeks to adjudicate, his motion to amend will be denied.

**IV.  Conclusion**

This action will proceed on the original petition, Dckt. No. 1., containing all five of petitioner's exhausted claims. Respondent has already submitted an answer addressing the merits of these claims. Dckt. No. 11. Petitioner will be given 30 days from the date this order is served to file a reply to the answer. Upon petitioner filing his reply, the matter will stand submitted for decision.

Accordingly, it is hereby ORDERED that:

1. Petitioner's motion to stay, Dckt. No. 13, is denied as moot;

2. Petitioner's motion to amend the petition, Dckt. No. 15, is denied;

3. This action will proceed on the original petition, Dckt. No. 1; and

4. Petitioner's reply to respondent's answer, if any, shall be filed within 30 days of the date of this order.

DATED: August 2, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE